UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-12932-RGS

JOHN CASSIDY

v.

ATTORNEY GENERAL MAURA HEALEY, et al.

MEMORANDUM AND ORDER

August 6, 2015

STEARNS, D.J.

For the reasons stated below, the Court (1) denies the plaintiff's motion for leave to proceed *in forma pauperis*; and (2) directs the plaintiff to show cause why this action should not be dismissed.

## I.    **Factual Background**

John Cassidy, who is incarcerated at the Old Colony Correctional Center, brings this action against Massachusetts and its Attorney General Maura Healey challenging the validity of an intact criminal conviction, the sentence for which he is currently serving.

According to the Complaint, Cassidy moved from his home in Texas to Dartmouth, Massachusetts to attend law school.  During his second semester, he was arrested, arraigned, and indicted on multiple felony

charges.  He was thereafter convicted on seven felony gun charges and, on March 11, 2015, he was sentenced to two and one half years in a state jail. Cassidy asserts that he legally purchased the firearms in question in Texas and that he brought them to Massachusetts as part of his cross-county move to attend law school.  He claims that his conviction violates his right to keep and bear arms for the purpose of self defense.

Cassidy seeks release from confinement and monetary damages.  He argues that this action is the only means for securing his speedy release. The plaintiff also cites the trial court's unwillingness to stay his sentence pending appellate review and the uncertainty of other relief.

The plaintiff also filed motions for leave to proceed *in forma pauperis*, for summary judgment, and for a preliminary injunction.

## II.   Discussion

### A.   Motion for Leave to Proceed *In Forma Pauperis*

Where, as here, the plaintiff is a prisoner, a request to proceed without prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).  Unlike other civil

2

litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of *in forma pauperis* status.  Based on the information contained in the prison account statement, the Court directs the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the $350.00 filing fee is paid in full.   *See* 28 U.S.C. § 1915(b)(1)-(2).  Cassidy, however, did not file a six-month prison account statement.  Therefore, the Court must deny the motion for leave to proceed *in forma pauperis*.

**B.    Screening of the Complaint**

Under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are subject to a preliminary screening.  This statute authorizes federal courts to dismiss a complaint *sua sponte* if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §1915A(b).  In conducting this review, the Court liberally construes the complaint because the plaintiff is proceeding *pro se*.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Here, the plaintiff has failed to state a claim upon which relief may be granted because he cannot challenge the validity of his confinement or conviction through a civil rights action.  It is black-letter law that "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam), even when a party is seeking damages rather than release, *see Edwards v. Balisok*, 520 U.S. 641, 648 (1997).  If the plaintiff seeks federal judicial review of his state conviction, he must file a petition for a writ of habeas corpus under 28 U.S.C. § 2254 after exhausting state remedies.

Further, compensation for an allegedly unconstitutional conviction or imprisonment is only available where a plaintiff can prove that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  This so-called "favorable termination" rule applies not only where the plaintiff expressly states that his conviction or sentence is invalid, but wherever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  *Id.* at 487.  Because a judgment in

4

favor of Cassidy would imply the invalidity of his conviction or sentence, he has failed to state a claim upon which relief may be granted.

## ORDER

1.    The motion for leave to proceed *in forma pauperis* is DENIED WITHOUT PREJUDICE to renewal within 42 days – by September 17, 2015 -- with a six-month certified prison account statement.

2.    Cassidy must, no later than September 17, 2015, show cause why this action should not be dismissed for the reasons stated above. Failure to do so will result in dismissal of the action.

3.    The motion for summary judgment is DENIED.

4.    The motion for a preliminary injunction is DENIED.

### SO ORDERED.

/s/Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE